# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA   DIVISION

| | |
|---|---|
| BILLY JEROME WILLIAMS, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 12-CV-72 (HL) |
| SERGEANT JAMES PAGE[1] and SERGEANT TERRY BROWN, | : |
| Defendants. | : |

## RECOMMENDATION

The Plaintiff filed this action pursuant to 42 U.S.C. ▪ 1983 on May 24, 2012, raising allegations of excessive force and failure to intervene.   Presently pending herein is the Defendants=Motion for Summary Judgment.   (Doc. 25).   The Court notified the Plaintiff of the filing of the Defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order.   (Doc. 27).   The Plaintiff did not respond to the Defendants' motion.

## Background

Plaintiff=s claims arise out of events occurring during his incarceration at Valdosta State Prison in March 2012.   In his Complaint, the Plaintiff alleges that Defendant Page subjected the Plaintiff to physical abuse on March 9, 2012, hitting Plaintiff with a baton and radio several times, and causing severe injury to his right arm, which was extended through the cell door flap opening. Plaintiff alleges that Defendant Brown witnessed but failed to intervene in the use of force by

---

[1] It appears that the correct spelling of Defendant's name is "Page", as this is the spelling provided in the Defendant's Waiver of Service of Summons, in the body of Defendant's Answer, and in Defendant's affidavit.   (Docs. 19, 20, 25-7).   The Court notes that the Complaint and Defendant Brown's affidavit refer to this Defendant as "Paige".   (Docs. 1, 25-3).

Defendant Page.

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it" Fed.R.Civ.P. 56(e)(3). The Defendants have supported their motion for summary judgment with various affidavits, the Plaintiff's

deposition testimony, and Plaintiff's medical records.

*Official capacity claims*

Insofar as the Plaintiff brings this action against the Defendants in their official capacities, the Plaintiff's claims are without merit.  A suit brought against defendant prison officials in their official capacities is in reality a suit against the state and as such is not cognizable under § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989).

*Excessive force*

The Eighth Amendment forbids cruel and unusual punishment, and this prohibition governs "the treatment a prisoner receives in prison and conditions under which he is confined." *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  "[A]nalysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: 'the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'" *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996) (quoting *Hudson*, 503 U.S. at 5).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1500 (11th Cir. 1985) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)), *abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989).

To establish a claim for excessive force, the Plaintiff must show that (1) the Defendants

3

acted with a malicious and sadistic purpose to inflict harm and (2) that a more than *de minimis* injury resulted. *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). The Supreme Court has clarified that "[t]he 'core judicial inquiry'. . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). Although the extent of any injury is not alone dispositive of an excessive force case, it is "one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

In arguing that they are entitled to the entry of summary judgment in regard to the Plaintiff's claim of excessive force by Defendant Page, the Defendants have submitted affidavits from the Defendants and a prison nurse, the Plaintiff's deposition testimony, and portions of the Plaintiff's prison medical records. (Doc. 25). In their affidavit testimony, Defendants Page and Brown state that Page did not use any force against the Plaintiff on the date in question and was not observed using force against the Plaintiff, and Defendant Brown provides that Plaintiff did not complain about any use of force on that date. (Doc. 25-3, ¶¶ 6, 7; Doc. 25-7, ¶¶ 5-8).

Mary Hamby, a licensed practical nurse who works at VSP, testifies in her affidavit that the Plaintiff called her to look at his arm during the March 9, 2012, 6:00 p.m. pill call. (Doc. 25-4, ¶¶ 3, 5, 8). Nurse Hamby's examination of Plaintiff's right arm revealed "a small amount of redness on the upper tricep area". *Id.* at ¶ 11. Nurse Hamby further testifies that the Plaintiff did not inform her that Defendant Page had hit him on his right hand and arm or that he had been pepper-sprayed. *Id.* at ¶¶ 12-14. Nurse Hamby noted that "[t]he redness on inmate Williams' arm was inconsistent with being struck several times by an officer's baton. If inmate Williams

4

had been struck several times with an officer's baton, there would have been welts on his arm." *Id.* at ¶¶ 16, 17.

Plaintiff's medical records for the period March 2012 through May 2012 show that Plaintiff received medical treatment for pain complaints in his right arm beginning on March 13, 2012. (Doc. 25-5, p. 23). On March 13, Plaintiff complained of pain in his right arm over the past four (4) days, allegedly due to a March 9 fall. *Id.* Examination revealed slight swelling and tenderness, and Plaintiff was restricted from heavy lifting and pulling and instructed to use warm compresses to treat swelling in his arm. *Id.* At a March 15, 2012 medical encounter, Plaintiff stated that he had been in an altercation with an officer who had hit him with a stick on his right arm, and medical personnel described the area on Plaintiff's upper right arm as tender and slightly discolored with a contusion. *Id.* at p. 22. Plaintiff's medical records do not reveal a fracture to Plaintiff's right arm or a gash on his right hand. (Doc. 25-5).

In Plaintiff's deposition testimony, specifically referenced by the Defendants in their summary judgment brief and Statement of Material Facts, the Plaintiff testifies that he was having a mental health crisis on the day in question, "hearing voices . . . telling me to do crazy things to myself and to my roommate", and he notified prison staff that he needed to see a mental health counselor. (Doc. 25-2, p. 17). Another officer notified Defendants Brown and Page and handcuffed the Plaintiff's wrists through the cell door flap. *Id.* at p. 18. As Defendants Brown and Page arrived at his cell, Plaintiff's handcuffs were removed. *Id.* at p. 24. Plaintiff moved his left arm and hand back inside the cell, leaving his right arm and hand extending through the cell door flap opening. *Id.* at p. 35. According to the Plaintiff, prisoners are required to put one or both hands back into the cell once they are released from handcuffs outside of the cell door flap. *Id.* at 36.

> Q (Ms. Teaster)   But in general –
>
> A (Mr. Williams)   You don't supposed [sic] to have no hands [sic] out [sic] the flap.
>
> Q   Okay, but some officers say, --
>
> A   Put one back in.

*Id.*

Plaintiff related his need for mental health treatment to Defendant Page, who, according to the Plaintiff, then sprayed Plaintiff with mace, hit Plaintiff on the right hand with his radio, and later hit Plaintiff nine times on the right arm with his baton. *Id.* at pp. 48- 59. Defendant Brown led Defendant Page away from the altercation and returned with the nurse. *Id.* at p. 62. Plaintiff, no longer handcuffed, apparently could have pulled his arm back into cell but did not "[b]ecause I was going through a mental health change, crisis, and I didn't want to hurt myself or my roommate." *Id.* at pp. 61-62.

According to the Plaintiff's deposition testimony, he was largely unaffected by the mace spray, and suffered bruising on his right arm and a scratch on his right hand. *Id.* at pp. 64-66. The nurse wrapped Plaintiff's arm with a bandage and gave Plaintiff an ice pack. *Id.* at p. 67. Plaintiff was seen by medical personnel five (5) days later, complaining of right arm and hand pain, and was provided pain medication. *Id.* at pp. 89-90. Plaintiff was told that his arm was "bruised on the inside, not the outside [and] [i]t's not going to stop [him] from using [his] arm." *Id.* at p. 91.

Plaintiff's deposition testimony and his medical records establish that any use of force by Defendant Page resulted only in bruising or discoloration, slight swelling, and a scratch. The Plaintiff has presented no evidence beyond the allegations of his Complaint that establishes a use of greater than *de minimis* force by Defendant Page. The affidavit testimony of Defendant Page

6

denying an excessive use of force is corroborated by the affidavit testimony of Defendant Brown and Nurse Mabry, and is also corroborated by the Plaintiff's medical records showing only minor injuries to Plaintiff's right arm in the form of slight swelling and bruising.

As such, the record establishes that any use of force was only *de minimis* in nature. "Based on [this] evidence, a reasonable factfinder could not believe that [the Plaintiff] suffered any injury, and thus could not reasonably infer that [Defendant Page] used anything more than a *de minimis* amount of force against [the Plaintiff]." *Vicks v. Knight*, 380 Fed.Appx. 847, 852 (11th Cir. 2010).

"The extent of injury may also provide some indication of the amount of force applied. . . An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 37, 38. As in *Vicks*, where the plaintiff presented no evidence of excessive force beyond his own affidavit, the Plaintiff has presented no evidence beyond the bare assertions of his Complaint to establish Defendant Page's excessive use of force and Defendant Brown's failure to intervene therein. *Vicks*, 380 Fed.Appx. at 852; *Smith v. Sec'y., Dep't. of Corrections*, 2013 WL 3838090 (11th Cir. July 26, 2013) (defendants entitled to summary judgment on excessive force claim; prisoner did not rebut defendants' summary judgment showing by designation of specific facts beyond the pleadings; record supported finding that prisoner suffered only minor swelling as a result of alleged use of force). *Cf. Logan v. Smith*, 439 Fed.Appx. 798 (11th Cir. 2011) (entry of summary judgment not appropriate in excessive force case wherein evidence suggested some level of injury to the plaintiff, no reliable medical evaluation had been conducted, and Plaintiff presented his own affidavit and affidavits of other individuals testifying to use of force). Here, "[Plaintiff's] version of events . . . was contradicted by all of the relevant evidence, with the exception of his own [statement of claim in the Complaint] . . . and thus [a reasonable jury] could not reasonably infer

7

that [Defendant Page] used anything more than a *de minimis* amount of force against [the Plaintiff]." *Vicks*, 380 Fed.Appx. at 852.

Moreover, "the type of force allegedly used by Officer [Page (striking Plaintiff's arm with a radio and baton)] was 'not of a sort repugnant to the conscience of mankind.' Instead, it was similar to the 'push' or shove' referenced in *Wilkins*, which 'almost certainly fails to state a valid excessive force claim.'" *Smith*, 2013 WL 3838090 *2 (*quoting* Hudson, 503 U.S. at 9-10 and *Wilkins*, 559 U.S. at 38) (use of force consisting of twisting plaintiff's arm and pressing him against a wall was not "of a sort repugnant to the conscience of mankind"). Additionally, Plaintiff was not restrained or restricted from moving his right arm back into the cell during the alleged use of force by Defendant Page. "The Eleventh Circuit has repeatedly held that a push or shove that causes pain and necessitates no or merely minor medical treatment is not a constitutional violation, even where the prisoner was restrained and no further force was necessary." *Hall v. Leavins*, 2009 WL 2905912 *4 (N.D.Fla. Sept. 4, 2009) *citing Jones v. City of Dothan*, 121 F.3d 1456, 1460-61 (11th Cir. 1997).

*Failure to intervene*

In regard to Plaintiff's claim that Defendant Brown was deliberately indifferent based on his alleged failure to intervene in or stop the altercation earlier between Plaintiff and Defendant Page, he has failed to set forth adequate facts to establish such a claim.

"Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. . . . However, in order for liability to attach, the officers must have been in a position to intervene." *Terry v. Bailey*, 376 Fed.Appx. 894, 896 (11th Cir. 2010) (*citing Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998)). An officer who fails to intervene in a fight between inmates can only be held liable if he "was

physically able and had a realistic chance to intervene and act in time to protect the inmate Plaintiff." *Glispy v. Raymond*, 2009 WL 2762636 (S.D.Fla, Aug. 28, 2009) (*citing Ensley*, 142 F.3d at 1407; *Byrd v. Clark*, 783 F.2d 1002 (11th Cir. 1986)).

However, if no excessive use of force takes place, an officer has no duty to intervene. *Crenshaw v. Lister*, 556 F.3d 1283, 1294 (11th Cir. 2009); *Vicks*, 380 Fed.Appx. at 852; *McBride v. Rivers*, 170 Fed.Appx. 648, 658 (11th Cir. 2006) (defendant could not be liable for failing to intervene after court determined no excessive force had been used).   Inasmuch as the Court has concluded that no reasonable jury could find that Defendant Page used excessive force against the Plaintiff, no reasonable jury could find that Defendant Brown was liable for failing to intervene.

## Conclusion

Inasmuch as the Plaintiff has failed to sufficiently rebut the Defendants= summary judgment showing regarding Plaintiff=s excessive force and failure to intervene claims, it is the recommendation of the undersigned that Defendants= Motion for Summary Judgment be **GRANTED.**   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 30th day of September, 2013.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb